UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | No.3:22-CR-68 |
| YAZAN ABDUL-LATIF | § | JUDGES Varlan / McCook |

## MOTION TO SUPPRESS EVIDENCE AND RETURN ITEMS SEIZED OUTSIDE THE SCOPE OF SEARCH WARRANT

Defendant YAZAN ABDUL-LATIF, through undersigned Counsel moves the Court to order suppression and the prompt return of items seized during the execution of a search warrant, the seizure of which was neither authorized by the warrant nor by any exception to the warrant requirement. In support of this motion, Defendant asserts:

(1) On March 16, 2022 a search warrant was issued by the United States District Court for the Eastern District of California. The warrant authorized the search of Mr. Abdul-Latif's residence—380 Leslie Lane, Weaverville, Trinity County California 96093. *See, attached Exhibit 1.*

(2) The warrant authorized the seizure of only those items listed in attachment B. *See, Exhibit 1.*

(3) *Attachment B* did not authorize seizure of any vehicles, watches, jewelry, purses or other personal property not specifically enumerated.

(4) Police exceeded the scope of the search warrant's authorization by seizing the following items:

    (a) a White GMC 2020 Denali truck, CA plate 4763182;
    (b) a 2016 Silver/Navy Blue Maybach Mercedes-Benz, CA plate 7XCMT38;
    (c) a Silver Audemars Piguet Watch;

(d) Black Versace Sunglasses inside of white Tom Ford sunglass case;
(e) Beige Bottega Veneta purse with Gold chain;
(f) Shreve and Company jewelry;
(g) a Gold necklace;
(h) a Black Louis Vuitton purse;
(i) a Red Christian Dior purse;
(j) a Beige and Brown Louis Vuitton purse;
(k) a Blue suede purse;
(l) a Black Chanel purse;
(m) a Tan Gucci purse with Silver chain;
(n) a Beige and Brown checkered Louis Vuitton backpack;
(o) a White Chariol purse;
(p) jewelry in Oh Polly box;
(q) a black Louis Vuitton backpack;
(r) a Black Coach backpack; and
(s) three Black Revelry Luggage bags.

See Exhibit 1, FBI *Receipt for Property.*

In sum, 19 of the 60 items reportedly seized were not colorably within the scope of the warrant authorization.

(5) Mr. Abdul-Latif seeks an order suppressing these items and returning them to him. Mr. Abdul-Latif reserves for a later day the question of whether the overly broad execution of the warrant requires blanket suppression.

(6) In *United States v. Garcia*, 496 F.3d 495, 507 (6th Cir. 2007), the court held that blanket suppression is only required when police exceed the warrant authorization by searching places the warrant did not permit. Seizing items beyond the scope authorized by the warrant does not, under present Sixth Circuit precedent, in and of itself constitute a general search.

(7) The remedy prescribed by *Garcia* when police exceed the warrant's authorization by seizing items for which no permission has been granted

2

is limited to suppression of those items. *Garcia* at 507. Judge Batchelder wrote,

> Thus, when officers unlawfully seize certain items but do not flagrantly disregard the limits of the warrant by unreasonably searching places not authorized in the warrant, the court must suppress the unlawfully seized items, but there is certainly no requirement that lawfully seized evidence be suppressed as well.

*Id.*

8. Mr. Abdul-Latif does not intend to waive his right to petition the Court to suppress all seized evidence in a later pleading. The defense has yet to receive the probable cause affidavit in support of the warrant. But based on the face of the warrant, nearly one third of the items seized were beyond the scope of the warrant. This may well rise to the level of a flagrant disregard of the limits imposed by the search warrant. In the Ninth Circuit, where the warrant was issued and executed, exceeding the scope of the warrant's authorization can result in exclusion of all evidence seized if the violation rises to the level that constitutes a flagrant disregard for the terms of the warrant. *United States v. Mittleman*, 999 F.2d 440, 444 (9th Cir. 1993).

9. The relief Mr. Abdul-Latif presently seeks is: (1) suppression of the listed items and (2) an order directing the government to return those items to him. Mr. Abdul-Latif prays that the Court grant the relief requested.

Respectfully Submitted,

*/s/ Norman Silverman*
Norm Silverman
TB# 00792207
917 Franklin, 4th Floor
Houston, Texas 77002
(713) 526-1515
(713) 526-1798 Fax
lawyernorm@me.com
Lawyer for Mr. Abdul-Latif

## CERTIFICATE OF SERVICE

I certify that a copy of the following motion was sent to AUSA Cynthia F. Davidson ECF electronic mail with this filing on this the 8th day of November 2022.

/s/ Norman Silverman