IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-68-TAV-JEM |
| | ) | |
| YAZAN ARAFAT ABDUL-LATIF, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the Government's Motion for Order Allowing United States to Maintain Custody of Seized Property [Doc. 114] ("Motion") and Defendant Abdul-Latif's Motion for Continuance [Doc. 172] of deadline to file his "response" to the Motion. 28 U.S.C. § 636(b). For the reasons stated herein, Defendant's request for a three-day extension [**Doc. 172**] is **DENIED**. The Court, however, will treat his Amended Objection to Restraint of Property and Motion to Restore Property [Doc. 173] as a motion for the Court to reconsider its granting of the Government's Motion [Doc. 114] as well as a motion to dismiss the specific forfeiture proceedings relating to the seized currency.

The litigation of the Government's Motion to Maintain Custody has a lengthy procedural history. The Government filed the Motion on September 28, 2022, seven days before Defendant Abdul-Latif first appeared in this district [*See* Doc. 116, Minutes]. In its motion, the Government alleges that on March 31, 2022, agents from the Department of Homeland Security, Immigration, and Customs Enforcement ("ICE") seized $99,635 ("the currency") from Defendant Abdul-Latif at the Reno/Tahoe International Airport in Nevada [Doc. 114 p. 1]. On May 27, 2022, the Department of Homeland Security, Fines, Penalties, and Forfeitures ("FP&F") sent Defendant a notice of administrative forfeiture of the currency as required by the civil forfeiture statute [*Id.* at

1

2]. On June 24, 2023, FP&F received Defendant's claim to the currency and sent that claim to the United States Attorney's Office ("USAO") in the District of Nevada so that it could initiate a judicial forfeiture action [*Id.*]. The Nevada USAO did not initiate civil forfeiture proceedings [*Id.*].

On July 20, 2022, the Grand Jury returned an Indictment charging Defendant Abdul-Latif, and others, with conspiring to distribute one thousand kilograms of marijuana in the Eastern District of Tennessee, from January 2019 to March 17, 2022 (Count One) and conspiring to launder illegal proceeds (Count Four) during that same time [Doc. 3]. The Indictment contains general forfeiture allegations for "[p]roceeds" Defendant "personally obtained as a result of" the drug trafficking conspiracy [*Id.* at 5]. The forfeiture allegations, however, only specifically lists currency seized from a residence in Weaverville, California [*Id.*]. In its Motion, the Government asks the Court for an order permitting it to retain custody of the currency seized at the Nevada airport to preserve the currency for criminal forfeiture proceedings [Doc. 114 p. 3–4].

Defendant responded in opposition to the motion on November 8, 2022, alleging four reasons that the Court should order the immediate release of the currency to him [Doc. 130]. First, he argued that the Government failed to bring a civil forfeiture action within the statutorily required ninety days from the filing of a claim [*Id.* at 1–2]. Second, Defendant asserted that the Government failed to "indict the property" because it did not bring a criminal indictment with specific forfeiture allegations for the currency [*Id.* at 3]. Third, Defendant maintains that the Government failed to take necessary steps to preserve its right to maintain custody within the mandatory ninety-day deadline, because the Motion was filed six days beyond the ninety-day period [*Id.* at 3–4]. Finally, he asserted that the Government cannot show a nexus between the charged drug trafficking conspiracy and the currency seized in Nevada after the conspiracy had ended, nor can it show a substantial likelihood that the currency is forfeitable [*Id.* at 4–5].

The Court scheduled a hearing on the Government's Motion for December 14, 2022. On December 7, 2022, the Grand Jury returned a Superseding Indictment, which added, among other things, the "$99,635.00 [in] U.S. currency seized from Yazan Arafat Abdul-Latif, a/k/a 'Ryan Rodgers'" to the specific forfeiture allegations [Doc. 146 p. 6].

The parties appeared for the motion hearing on December 14, 2022. Assistant United States Attorneys Cynthia F. Davidson and Ann-Marie Svolto appeared on behalf of the Government. Attorney Norman Silverman represented Defendant, who was also present. The Court first arraigned Defendant on the Superseding Indictment. Following the arraignment, the parties initially agreed that the Government's Motion was moot, but Defendant reserved the right to challenge probable cause to forfeit the currency at the appropriate time. AUSA Svolto qualified the Government's position, stating the arguments Defendant raised in opposition to the Motion are now moot but the Government's request to maintain custody of the property should be granted. Mr. Silverman stated that the Motion was no longer necessary, now that the Government had "indicted the property" and agreed that Defendant's objections to the Motion regarding the lack of probable cause are moot. AUSA Svolto stated that the Government was not opposed to Defendant bringing a future challenge to probable cause but explained that an order is necessary for strict compliance with 21 U.S.C. § 853(e). The Court granted the Government's Motion and directed the Government to provide a proposed order to maintain custody of the currency to the Court and defense counsel. Defendant raised no objection to this procedure.

The Government provided the proposed order to Chambers and defense counsel by email on January 11, 2023. On that day, Chambers staff responded to the email asking Mr. Silverman to state his response to the proposed order. No response was provided. On January 19, 2023, the Court ordered Defendant "to file a response stating his position on the Government's proposed order on its Motion to Maintain Custody of Property [Doc. 114] on or before" January 27, 2023

[Doc. 162]. On January 26, 2023, Defendant moved for a two-week extension of the deadline for his "position on the Government's Motion to Maintain Custody of Property (114) due January 27, 2023," stating that defense counsel is currently in trial preparations for another case and the Government has no objection [Doc. 166]. The Court granted the extension but expressly clarified:

> On December 14, 2022, the Court held a hearing on the Government's Motion for Order Allowing United States to Maintain Custody of Seized Property [Doc. 114]. On January 11, 2023, the Government provided by email to Chambers and defense counsel a proposed order granting that motion. Defendant's deadline for filing a response stating his position on the Government's **PROPOSED ORDER** is extended to **FEBRUARY 10, 2023**.

[Doc. 167].

On February 10, 2023, Defendant again moved for an extension of his "position on the Government's Motion to Maintain Custody of Property (Doc.114) due February 10, 2023," requesting a one-week extension and stating the Government's position on the extension is not known [Doc. 168]. The Court granted the one-week extension to February 17, 2023, and again clarified that this deadline was for Defendant to file "his position on the Government's proposed order, provided to defense counsel by email on January 11, 2023" [Doc. 169]. The Court also stated that "[n]o additional extensions will be granted absent an extraordinary reason" [*Id.*].

On February 17, 2023, Defendant moved for a three-day extension of the February 17, 2023 deadline to file his "position on the Government's Motion to Maintain Custody of Property (Doc.114)" [Doc. 172 p. 1]. Defendant provided no reason for the requested extension, stating only that the Government does not oppose this request [*Id.* at 1–2]. The requested new deadline of February 20, 2023, was a federal holiday, during which the Court was closed.

On February 20, 2023, Defendant filed Yazan Latif's Amended Objection to Restraint of Property and Motion to Restore Property [Doc. 173] ("Objection"). This filing does not mention the Government's proposed order or the Court's prior ruling granting the Government's Motion.

4

Instead, Defendant "re-urges his prior response to the government's request for restraining order (Docket 130) and makes . . . additional arguments" in support of an order returning the currency to him [*Id.* at 1].  The Objection asserts four reasons that the Court should dismiss the forfeiture allegations relating to the currency and order its prompt return to Defendant: First, Defendant argues that the Court lacks jurisdiction to either forfeit or retain the currency because the District of Nevada, where the currency was seized, is the only venue in which either a civil or a criminal forfeiture can be prosecuted [*Id.* at 2–4].  Second, the Defendant argues that although the Superseding Indictment extended the time for the money laundering conspiracy to March 31, 2022, the Government can show no nexus between the currency seized in Nevada from Defendant, a licensed medical cannabis grower, and the Tennessee drug trafficking conspiracy [*Id.* at 5–6].  Third, Defendant reasserts his earlier argument that the Government failed to perfect the forfeiture within the ninety-day statutory period [*Id.* at 7].  Finally, Defendant argues that the funds must be released to him because they are not traceable to the charged offenses and are needed for Defendant to pay defense counsel [*Id.* at 7– 8].

Upon the Court's review of this procedural history, Defendant's Motion for Continuance [Doc. 172], requesting a three-day extension of his filing deadline, must be denied.  Defendant's motion fails to state any reason for the requested extension.  Moreover, his Objection is not responsive to the Court's Order directing him to state his position on the Government's proposed order.  Accordingly, Defendant's Motion for Continuance [**Doc. 172**] is **DENIED**.  The Court will enter a modified version of the Government's proposed order, memorializing the Court's ruling at the December 14, 2022 hearing.[1]

---

[1]  The Court grants the Government's request for an order authorizing it to continue to preserve the currency for forfeiture until the criminal case, including the criminal forfeiture proceeding, is resolved.  The Court declines to make a finding with regard to 18 U.S.C. § 982(a)(3)(B)(ii)(II) at this time.

5

The Court observes that Defendant's deadline for filing pretrial motions expired on February 21, 2023 [*See* Doc. 164]. The Court will treat Defendant's Objection as a motion for the Court to reconsider its December 14, 2023 ruling granting the Government's Motion [Doc. 114] and as a motion to dismiss the specific forfeiture allegation relating to the currency. Because Defendant raises new arguments in his Objection, the Government shall respond by the response deadline of March 7, 2023. The Court will contact the parties to schedule a hearing on Defendant's pending motions [Docs. 129 & 173].

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion for Continuance [**Doc. 172**] is **DENIED**;

(2) the Court will treat Yazan Latif's Amended Objection to Restraint of Property and Motion to Restore Property [Doc. 173] as a motion to reconsider the Court's Order granting the Government's Motion to Maintain Custody [Doc. 114] and as a motion to dismiss the specific forfeiture allegation relating to the currency;

(3) the Government's responses to Defendant's motions, including his motion to reconsider and to dismiss [Doc. 173], are due on the previously scheduled response deadline of **March 7, 2023**; and

(4) the Court will contact the parties to schedule a hearing on Defendant's pending motions [Docs. 129 & 173].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

6

Case 3:22-cr-00068-TAV-JEM   Document 181   Filed 03/03/23   Page 6 of 6   PageID #: 480