UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No.: 3:22-cr-68-TAV-JEM-2 |
| YAZAN ARAFAT ABDUL-LATIF, | ) ) ) |
| Defendant. | ) ) |

## **ORDER**

This criminal matter is before the Court on the Report and Recommendation ("R&R") entered by United States Magistrate Judge Jill E. McCook on November 7, 2023 [Doc. 358], recommending that the Court grant defendant's motion to suppress [Doc. 129] in part, suppressing the evidence of 13 items seized from the subject residence, and deny defendant's motion in all other respects.

On November 29, 2023, defendant filed a Notice of Appeal [Doc. 376], in which he seeks to appeal the R&R to the Fifth Circuit.[1] A district court generally loses jurisdiction over an action once a notice of appeal is filed unless the appeal is "untimely, . . . or is from a non-final, non-appealable order." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). The R&R is neither appealable as a final order nor as an interlocutory order. *See* 28 U.S.C. §§ 1291, 1292(a), 636(b)(1)(B); *see also United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981) ("Direct appeals from the magistrate's

---

[1] The Fifth Circuit does not have jurisdiction over any appeal in this case. This Court is situated in the Eastern District of Tennessee, which is located within the Sixth Circuit. See https://uscourts.gov/about-federal-courts/federal-courts-public/court-website-links (last accessed Nov. 30, 2023).

findings are correctly denied, because only final orders of the district court are appealable pursuant to 28 U.S.C. 1291."). Even if it were appealable, the notice of appeal is untimely. *See* Fed. R. App. P. 4(b)(1)(A). As a result, the Court may ignore the notice of appeal and proceed to adjudicate the merits of the R&R as if the improper appeal had not been filed. *See Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981).

There have been no timely objections filed to the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2). After carefully reviewing the matter, the Court agrees with Judge McCook's recommendation and reasoning, which the Court adopts and incorporates into its ruling. Accordingly, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 358]. Defendant's motion to suppress [Doc. 129] is **GRANTED in part** and **DENIED in part**. In particular, the Court finds that law enforcement properly seized a Maybach Mercedes Benz, a GMC Denali truck, a beige Bottega Veneta purse with a gold chain, three Revelry bags, a black Louis Vuitton backpack, and a black Coach backpack. However, the following 13 items were seized outside of the scope of the search warrant and shall be suppressed and excluded from evidence at trial: (1) a silver Audemars Piguet watch, (2) black Versace sunglasses inside a white Tom Ford sunglasses case, (3) diamond earrings in a Shreve & Company box, (4) a gold necklace, (5) a black Louis Vuitton purse, (6) a red Christian Dior Purse, (7) a beige and brown Louis Vuitton purse, (8) a blue suede Gucci purse, (9) a black Chanel purse, (10) a tan Gucci purse with a silver chain, (11) a beige and brown checkered Louis Vuitton backpack, (12) a white

Chanel purse, and (13) jewelry in an Oh Polly box. None of the improperly seized items shall be returned to defendant at this time.

    IT IS SO ORDERED.

                                  s/ Thomas A. Varlan
                                  UNITED STATES DISTRICT JUDGE