IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:22-CR-68-TAV-JEM |
| YAZAN ARAFAT ABDUL-LATIF, ) | |
| Defendant. ) | |

**O R D E R**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties appeared before the undersigned on March 28, 2024, for a motion hearing on Defendant Yazan Abdul-Latif's Motion to Compel Discovery [Doc. 427] and Motion to Exclude Testimony and Evidence Identifying Seized Material as Marijuana [Doc. 464]. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Norman Silverman represented Defendant Abdul-Latif, who was also present.

In his Motion to Compel, Defendant asks the Court to order the Government to disclose information on the methods and validation of drug testing in this case for his expert's review [Doc. 427 p. 1]. The Government responded that, other than a remaining validation report provided on January 29, 2024, it has provided all requested information or it is available on the Drug Enforcement Administration's ("DEA") website [Doc. 447 pp. 1–2]. The undersigned ordered Defendant to identify what information that remained outstanding, if any [Doc. 457]. Defendant alleged the Government had yet to disclose the DEA laboratory's "validation studies supporting its method of sampling bulk quantities of suspected controlled substance and

distinguishing illegal marijuana from lawful cannabis[] and quantifying the levels of all varieties of THC—delta 8, delta-9, and all other forms of THC" [Doc. 464 p. 1]. In response, the Government stated it provided some additional information requested in the reply, despite questioning its relevance, and that it had already provided information qualifying as the requested "litigation package" [Doc. 484 pp. 1, 3–4].

At the March 28 hearing, Mr. Silverman stated that the Government avers it has provided all information it possesses on the testing of the suspected controlled substances in this case. Mr. Silverman said he had no reason to doubt this representation and he agreed upon questioning that the Motion to Compel is moot. Based upon the representations of the parties, the Court **DENIED as moot** Defendant's Motion to Compel Discovery [**Doc. 427**].

The Court next turned to Defendant's Motion to Exclude Testimony and Evidence. Defendant seeks to exclude the testimony and test results of Senior Forensic Chemist Alan Randa pursuant to Federal Rules of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) [Doc. 484 pp. 1–3]. AUSA Davidson objected to the testimony of defense expert Dr. E. Howard Taylor at the motion hearing, arguing that his testimony was not relevant to the issue before the Court and that Defendant had not notified the Government of Dr. Taylor's opinion. Defendant disputed both points. After consideration of both parties' positions, the undersigned continued the motion hearing on the admissibility of Mr. Randa's opinion and test results ("the *Daubert* hearing") to **July 2, 2024, at 9:30 a.m.**, finding that disclosure of all experts on the testing of the controlled substances in this case and consideration of all challenges to these experts at the same hearing is the most appropriate, efficient, and fair way to proceed.

Accordingly, the Court modifies the scheduling order and **ORDERS** as follows:

(1) Defendant's Motion to Compel Discovery [**Doc. 427**] is **DENIED as moot**;

2

(2) in compliance with Federal Rule of Criminal Procedure 16(b)(1)(C), Defendant shall disclose all experts related to drug testing, including Dr. E. Howard Taylor, on or before **April 26, 2024**;

(3) in compliance with Federal Rule of Criminal Procedure 16(a)(1)(G), the Government shall disclose any additional experts related to drug testing on or before **May 10, 2024**;

(4) both parties shall file any additional motions related to the admissibility of proposed experts on drug testing (*i.e.*, "*Daubert* motions") on or before **May 24, 2024**;

(5) if the Government does not file a *Daubert* motion as to Dr. Taylor, it shall file a supplemental brief on or before **May 24, 2024**, stating its position on Dr. Taylor's testimony at the *Daubert* hearing for its expert Senior Forensic Chemist Alan Randa;

(6) responses to new *Daubert* motions and/or Defendant's response to any supplemental brief regarding Dr. Taylor's testimony filed by the Government are due on or before **June 7, 2024**, and either party may file a reply brief on or before **June 14, 2024**;

(7) the parties shall appear before the undersigned on **July 2, 2024, at 9:30 a.m.**, for a motion hearing on all *Daubert* motions relating to drug testing experts; and

(8) the above deadlines and hearing date will not be modified or extended absent extraordinary circumstances.

**IT IS SO ORDERED**.

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

3